UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

2008 SEP 24  AM 9:56

| | | |
|---|---|---|
| ARCELORMITTAL BURNS HARBOR LLC, a Delaware Limited Liability Company; ARCELORMITTAL WARREN, INC., a Delaware Corporation; and ARCELORMITTAL DOFASCO INC., a Canadian Corporation, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Cause No. 2 08 CV 270 |
| v. | ) ) | |
| BLUESTONE COAL CORPORATION, a West Virginia Corporation; and BLUESTONE COAL SALES CORPORATION, a Delaware Corporation. | ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendants Bluestone Coal Sales Corporation ("Bluestone Sales") and Bluestone Coal Corporation ("Bluestone Coal") (collectively, "Bluestone"), by counsel, hereby remove the above-captioned action from the Superior Court of Porter County, Indiana, to the United States District Court for the Northern District of Indiana, Hammond Division, pursuant to 28 U.S.C. §§ 1441 and 1446. Bluestone states that this case is properly removable for the following reasons:

### Preliminary Statement

Each plaintiff[1] has fraudulently joined defendant Bluestone Sales to its action for breach of a separate contract (Warren, Count I, Burns, Count II, and Dofasco, Count III). Bluestone Sales was not proposed as a party/seller in any of the three proposed contracts – only Bluestone

---

[1] The three plaintiffs are: Arcelormittal Burns Harbor LLC ("Burns") located in Indiana, Arcelormittal Warren, Inc. ("Warren") located in Ohio, and Arcelormittal Dofasco, Inc. ("Dofasco") located in Canada.

1

Coal was the proposed party/seller. [Exhibit 1A-C Warren, Exhibit 1D Burns, and Exhibit 1E Dofasco] That misjoinder was affected solely to defeat diversity, as Bluestone Sales (like the Plaintiffs) is a Delaware Corporation, while Bluestone Coal (a West Virginia entity) has complete diversity with all Plaintiffs.

As set forth in this brief and the supporting affidavit, Bluestone Coal is a producer of metallurgic and steam coal that is sold to steel companies and utilities. [Exhibit 1, Lusk Affidavit ("Lusk Aff.") ¶ 4.] In contrast, Bluestone Sales is an affiliate of Bluestone Coal that had no coal production or mine operation, and was not a party to any of the proposed contract or agreement for the sale of coal to any of the Plaintiffs. [Exhibits 1A-1E] There is no basis for Bluestone Sales' inclusion in this lawsuit, its joinder was fraudulent, and its citizenship should be ignored for purposes of establishing diversity.

To cover that misjoinder, each plaintiff has wrongly combined three wholly separate breaches of three different contracts, alleging that each of the three plaintiffs had a contract with "Bluestone," without differentiating Bluestone Coal from Bluestone Sales. Bluestone Coal denies formation of any contract with Burns or Dofasco or any amendment to an earlier Warren contract. However, the only true common element between each of the three alleged contracts is that each involves the same proposed seller, Bluestone Coal. The buyers under each alleged contract are different legal entities, located in different states and countries,[2] offering to buy coal under different terms, with different alleged writings supporting their contractual claims. To further obfuscate federal jurisdiction, one Plaintiff – Dofasco – raises an independent tort claim related to alleged conversion of coal in West Virginia. Dofasco raises those allegations against "Bluestone," again without differentiating between Bluestone Coal and Bluestone Sales.

---

[2] *Id.*

There is no basis to join these three separate contract cases in one action much less with a tort case of conversion by one plaintiff. In fact, given that a primary dispute will be whether a contract was executed between Bluestone Coal and Warren, or between Bluestone Coal and Burns, or between Bluestone Coal and Dofasco, joinder of these three alleged contracts cases would be severely prejudicial to Bluestone Coal. The separate contract cases and the tort case should be severed, as the facts related to whether each contract was formed must be separately and independently assessed, as with the alleged conversion.

**Argument**

1. On or about August 26, 2008, plaintiffs Arcelormittal Burns Harbor LLC ("Burns Harbor"), Arcelormittal Warren, Inc. ("Warren"), and Arcelormittal Dofasco, Inc. ("Dofasco") (collectively, "Mittal") commenced this action against Bluestone by filing their Complaint, Case No. 64D05-0808-PL-8184, in the Superior Court of Porter County, Indiana. A copy of the Complaint and its exhibits is attached hereto as Exhibit 2.

2. The Complaint was thereafter formally served on Bluestone during August, 2008. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after the initial receipt by Bluestone of the Complaint.

3. Bluestone has not answered or otherwise responded to the Complaint in the Indiana state court action, except to petition the Court for an additional 30 day extension of time. That petition for an extension was filed on September 18, 2008.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1441(b), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5.      Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Bluestone has served a true and correct copy of this Notice of Removal and attachments on Plaintiffs' counsel.  Bluestone is also contemporaneously filing a Notice of Removal with the Porter County Superior Court, State of Indiana by mail, in accordance with Indiana Rule of Trial Procedure 5(F).

6.      Pursuant to 28 U.S.C. § 1446(a), copies of all the process and pleadings served upon Bluestone in the state court action, are attached hereto as Exhibit 2 (the Complaint and its exhibits), Exhibit 3 (the Notice of Removal), and Exhibit 4 (other filings in the state court action).

7.      Venue is proper because the Porter County Superior Court, is located within the Northern District of Indiana, Hammond Division, which is thus the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 89(c).

A.  **For Purposes Of Diversity, The Citizenship Of Bluestone Sales Should Be Disregarded Because That Entity Was Fraudulently Joined By Plaintiffs For The Purposes Of Thwarting Removal.**

8.      Bluestone Sales was not a proposed party to any of the three alleged contracts. As stated in the attached Affidavit of Tom D. Lusk, Bluestone Sales is a separate corporate entity from Bluestone Coal. [Lusk Aff. ¶ 2.] Bluestone Sales was not the proposed seller in any of the three potential contracts as set forth on each plaintiff's last proposal – Burns Exhibit 1A-C, Warren Exhibit 1B and Dofasco Exhibit 1C – Blackstone Coal was . [Lusk Aff. ¶ 3.]

### i. Warren

9.      The only contract between any of the Mittal entities and either of the Defendants is attached as Exhibit 1A. That contract was executed by Warren and Bluestone Coal. [Lusk

Aff. ¶ 6: authenticating that contract.] Bluestone Sales is not a party to that contract, and owed Warren no duties under it.

10. The Complaint attaches no contract between Warren and Bluestone Sales. Bluestone Coal is the only party necessary to defend Warren's claims.

### ii. Burns Harbor

11. There is no written agreement between Burns Harbor and either Bluestone entity. However, the Complaint attempts to manufacture a long term coal supply agreement through reference to incomplete negotiation communications between Bluestone Coal and Burns Harbor.

12. Bluestone Sales was never intended to be a party to any contract with Burns Harbor. [Lusk Aff. ¶ 3.] Instead, during negotiations, the parties anticipated that Bluestone Coal would be the contracting party, if and when an agreement was made. [*Id.*] That intention is evidenced by a draft agreement that Burns Harbor proposed to Bluestone Coal during negotiations. [Exhibit D.] That draft contract, which was executed by Burns Harbor but never signed by Bluestone Coal, lists Bluestone Coal and Burns Harbor as the contracting parties. No mention in made in that draft agreement of Bluestone Sales.

13. The Complaint attaches no contract between Burns Harbor and Bluestone Sales. Bluestone Coal is the only party necessary to defend Burns Harbor's claims.

### iii. Dofasco

14. The parties similarly dispute whether any contract exists between Bluestone Coal and Dofasco. There is no written agreement with Dofasco and either Bluestone entity. However, the Complaint attempts to manufacture a long term coal supply agreement through reference to incomplete negotiation communications between Bluestone Coal and Dofasco, and

purchase orders proposed by Dofasco to Bluestone Coal, which were not executed or signed by Bluestone Coal.

15. Bluestone Sales was never intended to be a party to any contract with Dofasco. [Lusk Aff. ¶ 3.] Instead, during negotiations, the parties anticipated that Bluestone Coal would be the contracting party, if and when an agreement was made. [*Id.*] That intention is evidenced by the purchase orders sent from Dofasco, which were addressed to Bluestone Coal. [Exhibit 1E-F.] Those proposed purchase orders were sent shortly after an e-mail from Dofasco to Bluestone Coal inquiring whether the proposed contracting party would be Bluestone Coal or Bluestone Sales. [Exhibit 1G.]

16. The Complaint attaches no contract between Dofasco and Bluestone Sales, or evidence that Bluestone Sales was intended to be a contracting party. Bluestone Coal is the only party necessary to defend Dofasco's claims.

17. Further, Dofasco raises an independent tort claim related to alleged conversion of coal. [*See* Complaint, Count IV.] Those allegations are broadly directed at "Bluestone," which the Complaint defines to include both Bluestone Coal and Bluestone Sales. However, Bluestone Coal is the relevant producer, miner, and loader of coal. [Lusk Aff. ¶¶ 4-5.] There is no basis for Dofasco's direction of these allegations at Bluestone Sales.

### iv. Because Bluestone Sales has been improperly and fraudulently joined, its citizenship should be disregarded.

18. *Poulos v. NAAS Foods, Inc.*, 959 F.2d 69, 73-74 (7th Cir. 1992) made clear that a Plaintiff may not join a defendant upon whom the plaintiff "has no chance of success." Such a joinder is fraudulent, and the wrongly joined defendant's citizenship can be ignored for diversity purposes.

19. Plaintiffs have no chance of success against Bluestone Sales. There is no basis for concluding that Bluestone Sales was a party to any contract with any of the Plaintiffs.

20. Diversity is therefore complete, as Plaintiffs are citizens of Delaware and Indiana (Burns Harbor), Delaware and Ohio (Warren), and Canada (Dofasco), while Bluestone Coal is a West Virginia corporation.

B. **The Plaintiffs' Independent Claims Are Fraudulently Misjoined And Should Be Severed.**

21. The Plaintiffs' independent claims cannot be joined together in a single action. Indiana Rule of Trial Procedure 20[3] and Federal Rule of Civil Procedure 20 both require that joined claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and share a "question or law or fact."

22. As discussed above, Bluestone Coal denies whether any contract exists with Burns, Warren or Dofasco, and denies any conversion of coal owned by Dofasco. To succeed, each Plaintiff will separately have to demonstrate that it had a contract with Bluestone Coal, which Bluestone Coal breached (*i.e.,* Burns in Indiana with Bluestone Coal, Warren of Ohio with Bluestone Coal and Dofasco of Canada with Bluestone Coal). Separately, Dofasco will have to prove that coal it owned was diverted by Bluestone Coal in West Virginia. Distinct evidence with regard to each Plaintiff, each contract, and each claim will be required.

23. Therefore, severance of each Count of the Complaint is appropriate. To the extent there is not diversity as to any claims, the Court should find that their combination is fraudulently misjoinder, and that removal of the claims with diversity is appropriate. *See Turnage v. Ford Motor Co.*, 260 F. Supp. 2d 722, 728-29 (S.D. Ind. 2003); *Shrode v. Hargraves,*

---

[3] In assessing fraudulent misjoinder, courts have looked to state procedural law. *See Turnage v. Ford Motor Co.,* 260 F. Supp. 2d 722, 728-29 (S.D. Ind. 2003); *Shrode v. Hargraves,* 2006 U.S. Dist. LEXIS 77483 (S.D. Ind. Oct. 24, 2006). However, there is no choice of law problem, as joinder is inappropriate in this case under either Federal of Indiana rules.

2006 U.S. Dist. LEXIS 77483 (S.D. Ind. Oct. 24, 2006) (finding that plaintiff's attempts to join two unrelated claims in one action to defeat diversity was fraudulent misjoinder).[4]

C.   **The Case Exceeds The $75,000 Jurisdictional Threshold.**

24.   The Complaint does not allege a specific damage amount. However, as demonstrated by the Exhibits to the Complaint, Plaintiffs allege that Bluestone has failed to ship hundreds of thousands of tons of coal, priced at approximately $100 per ton. Although Bluestone denies all liability, Plaintiffs' allegations easily exceed $75,000.

WHEREFORE, Bluestone gives notice that the above-entitled action which was pending in the Porter County Superior Court, State of Indiana, is now removed to the United States District Court for the Northern District of Indiana, and respectfully requests that this Court accept the removal of this case and for such other relief as is just and proper in the premises.

Respectfully submitted,

G. Daniel Kelley, Jr. (#5126-49)

Erik C. Johnson (#24964-49)
Attorneys for Bluestone Coal Corporation
and Bluestone Coal Sales Corporation

ICE MILLER LLP
One American Square Suite 2900
Indianapolis, IN 46282-0200
317.236.2100

---

[4] Should the Court conclude that a finding of "egregiousness" is required, that standard is met here. *See, Higginbotham v. State Farm Mutual Automobile Ins. Co.,* 2005 U.S. Dist. LEXIS 31701 (N.D. Ind. Dec. 7, 2005). Mittal's effort to obfuscate and combine distinct and separate claims by separate parties with selective omissions of documents signed by Harbor, Warren and Dofasco with the intent to avoid this Court's jurisdiction is clearly egregious.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been deposited in the U.S. mail, first class postage prepaid, on the 24th day of September 2008, addressed to:

Richard J. Gray
Elizabeth A. Coleman
Jenner & Block LLP
330 North Wabash
Chicago, IL 60611

Larry G. Evans
Hoeppner Wagner & Evans LLP
Twin Towers
1000 E. 80th Place, Sixth Floor
P.O. Box 10627
Merrillville, IN 46411-0627

_____
Erik C. Johnson

ICE MILLER LLP
One American Square Suite 2900
Indianapolis, IN 46282-0200
317.236.2100