UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| ARCELORMITTAL BURNS HARBOR, | ) | |
|---|---|---|
| LLC, a Delaware Limited Liability | ) | |
| Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:08-CV-270-TS |
| | ) | |
| BLUESTONE COAL CORPORATION, | ) | |
| a West Virginia Corporation; and | ) | |
| BLUESTONE COAL SALES | ) | |
| CORPORATION, a Delaware | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Remand [DE 13], filed by Plaintiff ArcelorMittal Burns Harbor, LLC, (Burns Harbor) on October 24, 2008. On November 10, Defendant Bluestone Coal Corporation (Bluestone Coal) and Defendant Bluestone Coal Sales Corporation (Bluestone Coal Sales) filed a Response [DE 19].

**BACKGROUND**

Burns Harbor (along with two related Plaintiffs that are no longer parties to this action) filed its Complaint in the Porter Superior Court on August 26, 2008. The Complaint named Bluestone Coal and Bluestone Coal Sales as Defendants. The Complaint alleges that Burns Harbor is a Delaware corporation with its principal place of business in Indiana, that Bluestone Coal is a West Virginia corporation with its principal place of business in West Virginia, and that Bluestone Coal Sales is a Delaware corporation with its principal place of business in West Virginia. (Compl. ¶¶ 4 & 7.) In Count I, the Complaint alleges that the Defendants breached the

contract between Burns Harbor and the Defendants that obligated the Defendants to supply coal to Burns Harbor. (Compl. ¶¶ 42-46.)

On September 24, the Defendants filed their Notice of Removal, removing this action to this Court. In their Notice, the Defendants premise this Court's subject-matter jurisdiction on 28 U.S.C. § 1332 (diversity of citizenship) and assert that Burns Harbor fraudulently joined Bluestone Coal Sales as a Defendant in this breach of contract action. The Defendants argue that there is no basis for Bluestone Coal Sales to be included in this lawsuit and that its citizenship should be ignored for purposes of determining the diversity of the parties. In making their fraudulent joinder argument, the Defendants essentially concede that, with Bluestone Coal Sales as a Defendant, this Court would not have subject-matter jurisdiction because Burns Harbor and Bluestone Coal Sales would not be diverse. The Defendants allege that the amount in controversy exceeds $75,000.

On October 24, Burns Harbor filed its Motion to Remand. Burns Harbor asserts that the Defendants could not remove this state breach of contract case to federal court because complete diversity does not exist among the parties, because the Court lacks subject-matter jurisdiction, and because removal would violate 28 U.S.C. § 1441. Therefore, Burns Harbor argues that the Court should remand the case to Porter Superior Court. Burns Harbor also requests costs and attorney fees related to its Motion to Remand. In their Response, the Defendants argue that Bluestone Coal Sales was never intended to be a party to any contract with Burns Harbor, has no role in this matter, and was fraudulently joined in this action for the purposes of destroying diversity.

**ANALYSIS**

A.    **Fraudulent Joinder**

Federal courts often observe that they "are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." *Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008). Because the claim asserted in the Complaint against the Defendants involves no federal question and is based solely on state contract law, jurisdiction can be proper only if diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Thus, the Court can hear this case only if there was a complete diversity among the parties at the time the case was filed in the Porter Superior Court and at the time of removal, and if the amount in controversy exceeded $75,000. *See Tropp v. Western-Southern Life Ins. Co.,* 381 F.3d 591, 595 (7th Cir. 2004). Under the rule of complete diversity, no plaintiff may be a citizen of the same state as any defendant. *McCready v. eBay, Inc.,* 453 F.3d 882, 891 (7th Cir. 2006). Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizens of any State by which it has been incorporated and of the State where it has its principal place of business."

Generally, the party seeking a federal forum has the burden of establishing that jurisdiction in the federal courts is appropriate. *Wellness Cmty.-Nat'l v. Wellness House,* 70 F.3d 46, 49 (7th Cir. 1995). A defendant who seeks to remove an action to federal court has the burden of establishing that the complete diversity requirement was met. *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 540 (7th Cir. 2006); *Meyerson v. Showboat Marina Casino P'ship,* 312 F.3d 318, 321 (7th Cir. 2002). Thus, when a federal court's exercise of jurisdiction is challenged following removal, the burden of establishing federal jurisdiction rests on the party seeking to preserve removal. *Van Swol v. ISG Burns Harbor, LLC,* 491 F. Supp. 2d 807, 810 (N.D. Ind.

2007) (citing *Fate v. Buckey State Mut. Ins. Co.,* 174 F. Supp. 2d 876, 878 (N.D. Ind. 2001)). Furthermore, the standard applied to a removing defendant is more exacting than the standard applied to a plaintiff asserting diversity jurisdiction in the initial pleadings. *Id.* (citing *Pratt, Bradford & Tobin, P.C. v. Norfolk & Western Ry. Co.,* 885 F. Supp. 1126, 1130 (S.D. Ill. 1994)). Furthermore, district courts are to "interpret the removal statute narrowly," and any doubts regarding jurisdiction should be resolved in favor of remand to state court. *Doe v. Allied-Signal, Inc.* 985 F.2d 908, 911 (7th Cir. 1993); *Van Swol*, 491 F. Supp. 2d at 810-11 (citing *Bush v. Roadway Express, Inc.,* 152 F. Supp. 2d 1123, 1125 (S.D. Ind. 2001); *Tom's Quality Millwork, Inc. v. Delle Vedove USA, Inc.,* 10 F.Supp.2d 1042, 1044 (E.D. Wis. 1998)).

In this case, Burns Harbor named both Bluestone Coal and Bluestone Coal Sales Defendants in the original Complaint filed in the Porter Superior Court. Because the Defendants removed the case, they bear the burden of establishing this Court's jurisdiction. There appears to be no dispute that Burns Harbor is a Delaware corporation with its principal place of business in Indiana, that Bluestone Coal is a West Virginia corporation with its principal place of business in West Virginia, and that Bluestone Coal Sales is a Delaware corporation with its principal place of business in West Virginia. As a consequence, complete diversity does not exist between Burns Harbor and Bluestone Coal Sales because both are citizens of Delaware, and this Court does not have diversity jurisdiction over the matter, unless Burns Harbor fraudulently joined Bluestone Coal Sales as a Defendant for the purpose of destroying diversity. *See Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir. 1993) (holding that in determining whether there is diversity of citizenship, parties fraudulently joined are disregarded). Thus, the Defendants' claim that this Court has subject-matter jurisdiction over this case turns on the question whether the non-diverse

4

Defendant (Bluestone Coal Sales) was fraudulently joined.

A defendant seeking removal bears a "heavy burden to establish fraudulent joinder." *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992). Fraudulent joinder may be found "'either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts.'" *Hoosier Energy Rural Elec. Co-op, Inc. v. Amoco Tax Leasing IV Corp.,* 34 F.3d 1310, 1315 (7th Cir. 1994) (quoting *Gottlieb,* 990 F.2d at 327). The Defendants do not argue that Burns Harbor engaged in outright fraud in its pleading of jurisdictional facts. Thus, the Court will look to the Complaint and the materials submitted by the parties to determine whether the case satisfies the requirements for removal based upon diversity jurisdiction and whether Burns Harbor can state a cause of action against Bluestone Coal Sales.

It is often observed that a plaintiff is the master of his complaint, *Garbie v. DaimlerChrysler Corp.,* 211 F.3d 407, 410 (7th Cir. 2000), and in this case, Burns Harbor named both Bluestone Coal and Bluestone Coal Sales as Defendants in this breach of contract action. In Count I, the Complaint alleges that the Defendants materially breached their contract obligations to supply coal to Burns Harbor. (Compl. ¶¶ 42–46.) The Defendants argue that Burns Harbor cannot pursue a breach of contract claim against Bluestone Coal Sales because in their view Bluestone Coal Sales was never intended to be a party to any contract with Burns Harbor and has no role in this matter.

The Complaint alleges that representatives of both Bluestone Coal and Bluestone Coal Sales (including James C. Justice, II, Thomas Lusk, Tim Hall, and Dan Hendrickson) traveled to Indiana to meet with representatives of Burns Harbor. (Compl. ¶¶ 16–17.) The Complaint alleges

facts involving email correspondence between James C. Justice, II, and Burns Harbor relevant to the alleged contract. (Compl. ¶ 18.) The Corporate Disclosure Statement [DE 5] filed by the Defendants indicates that Bluestone Coal is a wholly-owned subsidiary of Bluestone Industries, Inc., and that Bluestone Coal Sales Corporation is a wholly-owned subsidiary of James C. Justice Companies, Inc.[1] In their Notice of Removal, the Defendants assert that Bluestone Coal Sales is an affiliate of Bluestone Coal, and in their Response, they argue that, "[a]t most, the evidence suggests that Bluestone [Coal] Sales was a billing or invoicing agent for Bluestone Coal, with Bluestone Coal as a disclosed principal." (Defs.' Resp. 4.)

In arguing that Bluestone Coal Sales was never intended to be a party to any contract with Burns Harbor, the Defendants point to the Affidavit of Tom D. Lusk, Chief Operating Officer of Bluestone Coal, in which he states his understanding that if a contract was formed, Bluestone Coal (not Bluestone Coal Sales) would be the contracting party.[2] (Defs.' Notice of Removal, Ex. 1, Lusk Aff. ¶ 3.) The Defendants urge that this understanding is reflected in a draft agreement that identifies Bluestone Coal and Burns Harbor as the contracting parties. (Defs.' Notice of Removal, Ex. 1D.) The Defendants indicate, however, that this draft agreement was not fully executed by the parties.

The Defendants' arguments are called into question by the Mittal Steel USA Inc.

---

[1] This is not inconsistent with statements of Tom D. Lusk in his Affidavit. (Defs.' Notice of Removal, Ex. 1, Lusk Aff. ¶ 2.)

[2] In his Affidavit, Tom D. Lusk states that he is the Chief Operating Officer of Bluestone Coal. Absent from his Affidavit, however, is any indication as to whether he is employed by or otherwise serves in an official capacity with Bluestone Coal Sales. Nevertheless, in his Affidavit, he makes statements regarding Bluestone Coal Sales, its status as a subsidiary of James C. Justice Companies, Inc., and its business. It is unclear from the Affidavit whether these statements of Mr. Lusk are based upon personal knowledge and whether he holds a position with Bluestone Coals Sales that authorizes him to speak for Bluestone Coal Sales and speak to Bluestone Coal Sales' intentions and its understanding of the negotiations and the alleged contract.

Supplier Application Form. (Pl.'s Mot. to Remand, Ex. B.) On August 30, 2007, Mr. Lusk signed this Supplier Application Form as "Supplier Representative,"[3] and the Form explicitly identified the "Vendor" as "Bluestone Coal Sales" and the business of Bluestone Coal Sales as "Coal Mining." The Defendants' arguments are further undercut by a series of invoices sent by Bluestone Coal Sales to Burns Harbor. (Pl.'s Mot. to Remand, Ex. C.)

For these reasons, the Court finds that the Defendants have failed to carry their heavy burden to establish that Burns Harbor fraudulently joined Bluestone Coal Sales to destroy complete diversity. Based upon the Complaint and the materials submitted by the parties with the Notice of Removal and the Motion to Remand, the Defendants have shown neither that Bluestone Coal Sales was not a party to the negotiations and any contractual obligations that may have arisen, nor that Burns Harbor is foreclosed from any possible recovery against Bluestone Coal Sales. Thus, it appears that Burns Harbor is able to state a cause of action against the nondiverse Defendant (Bluestone Coal Sales) in state court. Because the Defendants' claim of fraudulent joinder fails, the Defendants cannot meet their burden of establishing complete diversity, and thus this Court lacks subject-matter jurisdiction over this case. The Court will, therefore, grant Burns Harbor's Motion to Remand, and this case will be remanded to state court.

**B.     Fees and Costs Under 28 U.S.C. § 1447(c)**

Burns Harbor requests that the Court award attorney fees and costs incurred as a result of the Defendants' improper removal. In their Response, the Defendants do not specifically address this aspect of Burns Harbor's Motion to Remand, although they generally oppose remand to state

---

[3] The Form does not indicate Mr. Lusk's position with Bluestone Coal Sales, although he is listed as the primary contact between Burns Harbor and Bluestone Coal Sales.

court.

Federal law authorizes that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The standard for awarding fees turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). The Court provided the following instruction regarding this application of the standard:

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.* (citations omitted).

As indicated above, the Court has determined that this case should be remanded to the Porter Superior Court. Although the Defendants have caused a delay in the resolution of this case, have imposed additional costs on both parties, and have consumed judicial resources, the Court believes that an objectively reasonable basis for seeking removal was not entirely lacking at the time the Defendants filed their Notice of Removal. The Court, based upon its review of the Complaint and the materials submitted by both parties, found that the Defendants failed both to establish fraudulent joinder and to demonstrate this Court subject-matter jurisdiction over this case, but the Defendants were able to point to a draft Coal Purchase Agreement that was apparently never executed that identified Bluestone Coal and Burns Harbor as the parties to the agreement. Therefore, the Court finds that the Defendants' conduct in seeking removal was not

unreasonable such that Burns Harbor should be awarded fees. Accordingly, this Court will deny Burns Harbor's request for fees pursuant to 28 U.S.C. § 1447(c).

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the Plaintiff's Motion to Remand [DE 13] but DENIES its request for fees and costs. The Court ORDERS the Clerk of this Court to REMAND this matter to the Porter Superior Court. The Defendants' Motion for More Definite Statement [DE 18] and the Plaintiff's Motion for Extension of Time [DE 20] are thus RENDERED MOOT and DENIED as such.

SO ORDERED on November 24, 2008.

                                          s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT